UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL THOMAS TATE,<br><br>　　　　　Petitioner,<br>　　v.<br><br>JAMES A. YATES, Warden,<br><br>　　　　　Respondent. | 1:08-cv-01317-TAG HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS<br>(Doc. 1)<br><br>THIRTY DAYS TO RESPOND |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on September 4, 2008. A preliminary review of the petition, however, reveals that the petition may be untimely and should therefore be dismissed.

**DISCUSSION**

A. Preliminary review of petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. <u>Herbst</u>, 260 F.3d at 1041-1042.

B. <u>Limitation period for filing a petition for writ of habeas corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327, 117 S.Ct. 2059 (1997). The instant petition was filed on September 4, 2008, and thus is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on July 1, 2003 and he commenced his direct review in the state courts. In this case, the petition for review was denied by the California Supreme Court on November 17, 2004. Thus, direct review would conclude on February 16, 2005,

when the ninety day period for seeking review in the United States Supreme Court expired.  <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999); <u>Smith v. Bowersox</u>, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year from February 17, 2005, absent applicable tolling, or until February 16, 2006 in which to file his federal petition for writ of habeas corpus.   As mentioned, the instant petition was not filed until September 4, 2008, some two and one-half years after the one-year period would have expired.  Thus, unless Petitioner is entitled to statutory or equitable tolling that would account for that amount of time, the petition is untimely and should be dismissed.

      C.  <u>Tolling of the limitation period pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In <u>Nino v. Galaza</u>, the United States Court of Appeals for the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1]  <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999); <u>see</u> <u>also</u> <u>Taylor v. Lee</u>, 186 F.3d 557, 560-561 (4th Cir. 1999)(citing <u>Barnett v. Lemaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999)).  The Ninth Circuit reasoned that tolling the limitation period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  <u>Nino v. Galaza</u>, 183 F. 3d at 1005.  However, the limitation period is not tolled for the time such an application is pending in federal court.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

This statutory tolling will apply if a state petition has been "properly filed."  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. <u>See Nino</u> 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. <u>Id</u>.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. <u>See id.</u>

applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224, 122 S. Ct. 2134 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review). Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006). However, if the California Supreme Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821 (9th Cir. 2003).

The limitation period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007. Nor is there tolling between finality and the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, the Court has accessed the State of California's electronic database for cases in the appellate courts and has determined that Petitioner filed the following state habeas petitions in the California Court of Appeal and the California Supreme Court[1]: (1) petition filed in the Court of

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice

4

Appeal, Fifth Appellate District ("5th DCA") August 12, 2005, and denied on August 25, 2005 (13 days);[2] (2) petition filed in the 5th DCA on February 16, 2006, and denied on October 26, 2006 (252 days); (3) petition filed in the California Supreme Court on December 22, 2006 and denied on June 13, 2007 (173 days).[3] The total combined time during which the three state habeas petitions were pending is thus 438 days. As mentioned, the one-year period expired on February 16, 2006. The elapsed time between the expiration of the one-year period and the filing of the instant petition on September 4, 2008 is 931 days. Petitioner has only shown an entitlement to tolling for 438 of those days. Thus, the petition is untimely by 492 days. Thus, unless Petitioner is entitled to additional tolling of an equitable nature, the petition must be dismissed as untimely.

   D. Equitable tolling

The limitation period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(en banc)(overruled on other grounds by Woodford v. Garceau, 538 U.S. 202, 205-206, 123 S. Ct. 1398 (2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Lott v. Mueller, 304 F. 3d 918, 922 (9th Cir. 2002)(quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). Ignorance of the law and illiteracy are insufficient to justify equitable tolling. See e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of

---

may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

[2]In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

[3]The Court assumes, for purposes of argument, that the petitions were "properly filed" under the AEDPA and thus would be entitled to statutory tolling. However, any final determination on the propriety of those petitions for purposes of statutory tolling would necessarily have to be made at some later point in the proceedings, should the case go forward from this point. For purposes of this preliminary screening order, the Court expresses no opinion about whether the three state petitions were in fact "properly filed."

law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710, 714-715 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

In addition, unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case.  See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D. Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).   A petitioner's indigent status and limited legal knowledge is no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus, and thus such circumstances are not extraordinary and do not justify equitable tolling.

Although it appears to the Court that the petition is untimely, the Court will, in an excess of caution, permit Petitioner to file a response to this Order to Show Cause, setting forth any additional grounds for statutory or equitable tolling of which the Court is not aware.  If Petitioner is claiming additional statutory tolling as the result of properly filed state habeas petitions, he should indicate the date on which the petition was filed, the date it was denied, the state court in which it was filed, and supply this Court with a copy of the petition and the court's order, if possible.  If Petitioner does not provide the Court with evidence sufficient to toll the remaining 492 days, the petition may be dismissed.

///

///

///

# **ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition for writ of habeas corpus should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a dismissal of the Petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **October 14, 2008**                              **/s/ Theresa A. Goldner**
                                                                        UNITED STATES MAGISTRATE JUDGE